Daniel, Judge.
 

 The debt in this case, for which the plaintiff obtained a judgment, was
 
 incurred
 
 by the defendant as a penalty inflicted by the law, for omitting to do a public duty, viz., working on the road. The legislature did not intend to extend the benefit of the act of 1822 to every description of debtors, who should be arrested under a writ of
 
 capias ad satisfaciendum.
 
 It was intended for the benefit of those who had voluntarily
 
 contracted
 
 or assented to a debt for which they might by law be arrested under a
 
 ca. sa.
 
 Where the judgment on which theca,
 
 sa.
 
 issues is founded on any “ debt
 
 contracted
 
 either by note, bill, bond, open account or otherwise,” the defendant in guch case shall be entitled to the benefit of the act. Debts incurred by persons in violating any of the statutes im
 
 *491
 
 posing penalties, or debts upon judgments in causes of action arising
 
 ex delicto,
 
 are not within the provisions of the act of 1822. Only such persons whose indebtedness arose in cases
 
 ex contractu
 
 were intended to be aided by the act. The defendant’s case is not embraced either in the words of the act, or in the meaning of the legislature that passed it. We are of the opinion that the judgment must be reversed.
 

 PeR Curiam. Judgment reversed.